1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 07CR2985-WQH |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER TO EXTEND EXCLUDABLE DELAY |
| EDUARDO BARAJAS (1), | ) | |
| aka Eddie-Boy, | ) | |
| VICTOR RAMOS (2), | ) | |
| aka V, | ) | |
| ALEJANDRO VELARDE (3), | ) | |
| aka Lil' Al, | ) | |
| MIGUEL RIVERA MEDINA (4) | ) | |
| aka Vampiro, | ) | |
| JACOB TALLAECHE (5) | ) | |
| aka Dopey, | ) | |
| THOMAS ALEJANDRO MANZANO (6), | ) | |
| aka Tommy-Boy, | ) | |
| DERIC WILLIAMS (7), | ) | |
| aka Pelon, | ) | |
| JULIO CESAR JIMENEZ (8), | ) | |
| aka Foo-Foo, | ) | |
| ERNESTO ROMAN LOPEZ (9), | ) | |
| aka Ernie, | ) | |
| Defendants. | ) | |

HAYES, Judge:

The matter before the Court is the period of excludable delay pursuant to Section 3161(h) of the Speedy Trial Act.

On January 23, 2008, this Court granted the joint motion (#131) of the parties to

1  declare this case complex pursuant to 18 U.S.C. 3161(h)(8). The Court ordered that this case
2  shall be deemed complex for purposes of the Speedy Trial Act, 18 U.S.C. §§ 3161, et seq.
3  based on the large volume of the discovery, the large number of defendants in this case and
4  the other related cases, and the complex nature of the prosecutions and possible existence of
5  novel questions of fact or law. Based upon the joint motion of all parties, the Court found
6  that it would be unreasonable to expect defense counsel to be able to effectively prepare for
7  pre-trial motions and trial within the period normally prescribed by the Speedy Trial Act, 18
8  U.S.C. §§ 3161, et seq., taking into account the exercise of due diligence. The Court
9  concluded that the ends of justice served by a continuance outweigh the best interest of the
10 public and the defendants in a speedy trial.
11     On February 1, 2008, the Court held a status hearing with all parties and all counsel
12 present. Counsel for Defendants reported that the Government continues to make the
13 extensive discovery materials available to all defense counsel and that discovery is
14 proceeding expeditiously. Counsel for Defendants requested a further status hearing set by
15 the Court with the agreement of all present for May 9, 2008.
16     On May 9, 2008, the Court held a further status hearing with all parties and all counsel
17 present. All counsel for Defendants once again reported that the Government continues to
18 make the extensive discovery materials available to all defense counsel and that discovery
19 is proceeding expeditiously. All counsel for Defendants reported that Defendants additional
20 time to review discovery materials and requested the Court set a further status hearing.
21 Pursuant to the Defendant's request and with the agreement of the Government, the Court
22 set a further status hearing for August 8, 2008. The Court further set a wire tap motion
23 hearing for October 27, 2008 at 2:00 p.m. with Defendants to file any wiretap motions by
24 October 6, 2008 and the Government to file any responses by October 20, 2008; a substantive
25 motion hearing for December 15, 2008 at 2:00 p.m. with Defendants to file any motions by
26 November 24, 2008 and the Government to file any responses by December 8, 2008; a
27 motion in limine hearing for February 23, 2009 at 2 p.m. with Defendants to file any motions
28 in limine by February 2, 2009 and the Government to file any responses by February 16,

1  2009; and a jury trial for February 24, 2009 at 9:00 a.m.

2  IT IS HEREBY ORDERED that the time between May 9, 2008 and October 27, 2008,
3  is deemed excludable time under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(8),
4  in addition to any time excludable pursuant to 18 U.S.C. § 3161(h)(1)(F), resulting from
5  pre-trial motions already filed.

DATED: May 13, 2008

**WILLIAM Q. HAYES**
United States District Judge